# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Devon Davenport, | ) |
|         Plaintiff, | ) Civil Action No.: 1:15-cv-3752-JMC |
| v. | ) |
| Goodyear Dunlop Tires North America, Ltd. and the Goodyear Tire and Rubber Company, | ) |
|         Defendants. | ) **ORDER AND OPINION** |

This matter is before the court pursuant to Defendants Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company's (collectively "Defendants") Motion for Summary Judgment (ECF No. 72). Plaintiffs Maria Davenport, Arnold Davenport, Demorio Davenport, and Devon Davenport (collectively "Plaintiffs") filed a response in opposition to Defendants' Motion (ECF No. 85). For the reasons set forth below, the court **DENIES** Defendants' Motion for Summary Judgment (ECF No. 72).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2015, Plaintiffs Maria Davenport, Arnold Davenport, and Demorio Davenport filed a Complaint against Defendants. (ECF No. 1.) Plaintiff Maria Davenport alleged she suffered injuries while she was driving a 1996 Ford Explorer when the tread on the left rear tire ("Subject Tire") separated from the car, causing it to overturn. (*Id*.) Plaintiff Demorio Davenport was a passenger in the car and he also alleges that he suffered injuries during the incident. (*Id*.) Plaintiff Arnold Davenport alleges loss of consortium. (*Id*. at 2.)

Plaintiffs Maria Davenport, Arnold Davenport, and Demorio Davenport initially filed a Complaint in the Aiken County Court of Common Pleas ("Aiken County"). (ECF Nos. 34-1, 34-

3.) Plaintiff Devon Davenport filed a separate Complaint relating to the alleged incident in Aiken County. (*Id.*) These Plaintiffs voluntarily dismissed the Aiken County Complaints on September 10, 2015, and re-filed their Complaints in this court on September 18, 2015, with Plaintiffs Maria Davenport, Arnold Davenport, and Demorio Davenport joined in one Complaint. (ECF No. 34-4.) Plaintiff Devon Davenport individually filed a second Complaint in this court (*Devon Davenport v. Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company*, Civil Action No.: 1:15-cv-03752-JMC). (*Id.*) On August 2, 2016, Defendants filed a Motion to Consolidate both cases. (ECF No. 34.) On October 25, 2016, the court granted Defendants' Motion to Consolidate for all purposes, including trial. (ECF No. 46 at 5.)

In the present Motion, Defendants contend that they are entitled to summary judgment because: (1) Plaintiffs' claims fail because the Subject Tire was not essentially in the same condition as when it left the manufacturer's hands; (2) Plaintiffs' warnings claims fail due to a lack of supporting evidence; and (3) Plaintiffs cannot meet the requisite standard warranting punitive damages. (ECF No. 72.) Plaintiffs negate Defendants' argument by stating that: (1) there is evidence the Subject Tire was, at the time of the accident, in essentially the same condition as when it left Defendants' hands; (2) there is sufficient evidence of Plaintiffs' failure to warn product liability theory; and (3) there is evidence to support an award of punitive damages. (ECF No. 85.) Subsequently, Defendants filed a reply, essentially restating their initial position in their Motion for Summary Judgment. (ECF No. 94.)

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]n ruling on a motion for summary judgment, 'the evidence of the nonmovant[s] is to be

believed, and all justifiable inferences are to be drawn in [their] favor.'" *Tolan v. Cotton,* ___ U.S. ___, 134 S. Ct. 1861, 1863 (2014) (per curiam) (brackets omitted) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving part[ies]," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248.

The movant bears the initial burden of demonstrating to the court that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this threshold showing has been made, the non-moving party cannot survive summary judgment by resting on the allegations in the pleadings. Rather, the non-moving party must provide specific, material facts giving rise to a genuine issue. *See id*. at 324. Under this standard, the mere scintilla of evidence is insufficient to withstand the summary judgment motion. *See Anderson*, 477 U.S. at 255 (1986).

### III. ANALYSIS

#### A. Subject Tire's Condition

Under South Carolina law, "[i]n any products liability action, a plaintiff must establish three things: (1) he was injured by the product; (2) the product was in essentially the same condition at the time of the accident as it was when it left the hands of the defendant; and (3) the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Graves v. CAS Med. Sys., Inc.*, 735 S.E.2d 650, 658 (S.C. 2012). Plaintiffs must establish each of these three elements regardless of whether the theory under which they seek to recover is strict liability, breach of warranty, or negligence. *Sauls v. Wyeth Pharmaceuticals, Inc.*, 846 F. Supp. 2d 499, 502 (D.S.C. 2012) (citing *Holst v. KCI Konecranes Int'l Corp.*, 699 S.E.2d 715, 719 (S.C. Ct. App. 2010)).

Defendants contend that "Plaintiffs cannot meet their burden that the Subject Tire, over 11 years old at the time of the accident with an unknown service life and substantial weathering, uneven tread wear, and cracking, was in essentially the same condition at the time of the accident as when it left the hands of Defendants." (ECF No. 72 at 13.) Plaintiffs disagree, asserting that the Subject Tire failed due to the lack of a full nylon ply cap, an inadequate wedge, and an absence of adequate aging resistance. (ECF No. 85 at 8.)

Whether the Subject Tire separated due to the wear and tear alleged by Defendants or due to a design defect alleged by Plaintiffs is a jury determination. "Before the manufacturer or seller may be relieved of liability for the product-caused injury, the defendant must show that any alteration to the product was substantial." 63 Am. Jur. 2d *Products Liability* § 19. "Liability may . . . be imposed upon a manufacturer or seller notwithstanding subsequent alteration of the product . . . when the alteration could have been anticipated by the manufacturer or seller, or did not causally contribute to the damages or injuries complained of." *Fleming v. Borden, Inc.*, 316 S.C. 452, 458 (1994) (internal quotation marks omitted). In *Fleming*, the parties agreed the product was altered after it left the manufacture's hands, but the Supreme Court reversed summary judgment for the manufacturer on this issue because "it was for the jury to decide whether [the alteration] . . . was a foreseeable alteration" and, "if the jury believed [the plaintiff's ] evidence, it could legitimately conclude [the alteration was] . . . not a substantial or material one, in as much as it was foreseeable." *Id*. at 459.

A review of the evidence shows that there is a genuine issue of material fact. Defendants point to evidence to be considered by a jury that is not dispositive of the issue. "The time, length, and severity of use of the product and the product's state of repair are all relevant, but not controlling factors in determining whether a defect in the product existed at the time the product

left the manufacture's hands; such factors are for the consideration of the trier of fact . . ." 63 Am. Jur. 2d *Products Liability* § 18. The South Carolina Supreme Court held that when a product's alleged defect is one related to its age, the age may be "coincidental with its failure rather than the cause of it" and "the mere passage of time should not excuse" the manufacturer. *Mickle v. Blackmon*, 252 S.C. 202, 234-35 (1969) (involving a gearshift lever covered by a plastic knob that Ford knew would deteriorate with exposure to the sun where a visual inspection may show cracks but the deteriorating effect would not be known to an ordinary person).

Plaintiffs posit that Defendants knew that tires deteriorate with age, yet it failed to include a full nylon ply cap or warn retailers and consumers about tire aging dangers. (ECF No. 85 at 14.) The fact that the Subject Tire is over eleven years old does not preclude recovery, but may be found by a jury to be coincidental with its failure rather than the cause of it. Consequently, because the court finds that a genuine issue of material fact exists as to any substantial or material modification of the Subject Tire after it left Defendants' hands, it will not grant summary judgment on this issue.

### B. Warning Claims

Plaintiffs argue that the Subject Tire was defectively designed because, among other things, it failed to include a tire aging warning notifying a consumer that the tire should be taken out of service after a certain number of years, regardless of the tread depth or condition of the tire. (ECF No. 85 at 15.) Defendants claim that Plaintiffs' tire expert, Dennis P. Carlson, Jr., is not qualified to provide any opinions regarding Defendants' warning or instructions, or lack thereof on the Subject Tire. (ECF No. 72 at 17.) Further, Defendants espouse that Plaintiffs cannot succeed on their claim that Defendants' warnings or instructions were inadequate because they cannot prove any alleged warning inadequacy caused Plaintiffs' injuries. (*Id*. at 19.)

Defendants, however, concomitantly with its Motion for Summary Judgment, filed a *Daubert* motion directed specifically at Mr. Carlson's warning opinions. (ECF No. 73.) In its Order, dated December 27, 2017, the court already disposed of this issue when it denied Defendants' Motion to Exclude Mr. Carlson's testimony on this matter. (ECF No. 137.) Specifically, the court decided to allow Mr. Carlson to testify about warning design defects in the Subject Tire, but limited such testimony as to not bear on causation. (*Id*. at 12.) Accordingly, Defendants' summary judgment request on this issue is moot.

**C. Punitive Damages**

"Under South Carolina law, punitive damages may be awarded to punish tortfeasors who have acted in a reckless, willful, or wanton manner." *Duncan v. Ford Motor Co.*, 385 S.C. 119, 138 (Ct. App. 2009) (internal quotation marks omitted). "A tort is characterized as reckless, willful or wanton if it was committed in such a manner or under such circumstances that a person of ordinary reason and prudence would have been conscious of it as an invasion of the plaintiff's rights." *Taylor v. Medenica*, 324 S.C. 200, 221 (1996). "A conscious failure to exercise due care constitutes willfulness." *Id*. at 221. "In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence." S.C. CODE ANN. § 15-33-135 (2013).[1]

Defendants maintain that Plaintiffs' claim for punitive damages fails because there is no evidence that Defendants engaged in intentional misconduct, malice, deceit, or conscious disregard

---

[1] The court acknowledges that although product liability cases may be brought under theories of negligence, strict liability and warranty in South Carolina, punitive damages are only available in cases that are brought under the negligence theory. *Barnwell v. Barber-Colman Co.*, 393 S.E.2d 162, 164 (S.C. 1989) ("Recovery of punitive damages is not allowed under a cause of action based solely upon the South Carolina strict liability statute."); *Rhodes v. McDonald*, 548 S.E.2d 220, 222 (S.C. Ct. App. 2001) (holding that punitive damages are not available for a breach of warranty).

of Plaintiffs' rights. (ECF No. 72 at 20.) Defendants find it significant that Plaintiffs never took the deposition of either Defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), and Mr. Carlson has rendered his opinions without having received any design or manufacturing records of the Subject Tire. (*Id*.) Therefore, Defendants believe "there simply is no record testimony at all regarding Defendants' conduct, much less evidence that rises to the high threshold required to sustain punitive damages." (*Id*.)

Plaintiffs insist that there is clear and convincing evidence from which a reasonable jury could find Defendants acted recklessly in designing and manufacturing the Subject Tire. (ECF No. 85 at 19.) Plaintiffs state that their position is supported by "numerous pieces of evidence, including the absence of a full nylon cap ply *in the face of known safety advantages* and the absence of a tire aging warning *in the face of known dangers*." (*Id*.) (emphasis added).

Because a jury could find the design decisions and manufacturing conduct by Defendants ignored known safety measures, industry standards, and foreseeable dangers, there remains a question of material fact as to whether Defendants' conduct could be found reckless and willful, awarding Plaintiffs the requisite punitive damages. Thus, summary judgment on this issue is denied.

### IV. CONCLUSION

Based on the foregoing, the court **DENIES** Defendants' Motion for Summary Judgment (ECF No. 72).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 24, 2018
Columbia, South Carolina