# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Devon Davenport, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:15-cv-03752-JMC |
| ) | |
| v. ) | |
| ) | |
| Goodyear Dunlop Tires North America, Ltd. ) | |
| and the Goodyear Tire and Rubber Company, ) | |
| ) | **ORDER AND OPINION** |
| Defendants. ) | |
| _____ ) | |

This matter is before the court pursuant to Defendants' Goodyear Dunlop Tires North America, Ltd., and The Goodyear Tire and Company (collectively "Defendants") Motion in Limine. (ECF No. 103.) Plaintiffs Maria Davenport, Arnold Davenport, Demorio Davenport, and Devon Davenport (collectively "Plaintiffs") filed a response in opposition to Defendants' Motion (ECF No. 122), and Defendants filed a reply (ECF No. 131). For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion (ECF No. 103).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2015, Plaintiffs Maria Davenport, Arnold Davenport, and Demorio Davenport filed a Complaint against Defendants. (ECF No. 1.) Plaintiff Maria Davenport alleged she suffered injuries while she was driving a 1996 Ford Explorer when the tread on the left rear tire ("Subject Tire") separated from the car, causing it to overturn. (*Id*.) Plaintiff Demorio Davenport was a passenger in the car and he also alleges that he suffered injuries during the incident. (*Id*.) Plaintiffs Maria and Demorio Davenport seek damages for their claims of negligence, strict liability, and breach of warranty. (*Id*.) Plaintiff Arnold Davenport alleges loss of

consortium. (*Id*. at 2.) On August 2, 2016, Defendants filed a Motion to Consolidate both cases. (ECF No. 34.) On October 25, 2016, the court granted Defendants' Motion to Consolidate for all purposes, including trial. (ECF No. 46 at 5.)

In the present Motion, Defendants request that the court prevent Plaintiffs from offering any evidence or argument about or including: (1) reference to any other lawsuits or claims involving Defendants, specifically *Haeger v. Goodyear Tire & Rubber Co.*, 906 F. Supp. 2d 938 (D. Ariz. 2012), *rev'd* and *remanded*, 137 S. Ct. 1178 (2017); (2) the views of alleged "document historians" about Defendants' state of mind or knowledge regarding the use or need for nylon overlays; (3) Defendants' wealth, income, or financial condition; (4) during opening statements, comments on Defendants' anticipated defenses or Defendants' defenses in other cases; and (5) reference to depositions of Defendants' representatives in other cases. (ECF No. 103.)

## II.    LEGAL STANDARD

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Dylann Storm Roof*, No. 2:15-472-RMG, 2016 U.S. Dist. LEXIS 185415, at *2 (D.S.C. Dec. 12, 2016) (internal citations omitted). Pursuant to Federal Rule of Evidence ("Fed. R. Evid.") 401, evidence is relevant if it has "any tendency" to make a fact of consequence to the issues in question "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Fed. R. Evid. 403 provides that evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time or needless cumulative evidence. Evidence should be construed in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Salazar*, 338 F. Appx 338, 343-44 (4th Cir.

2009) (citing *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir. 1990)). Prejudicial evidence is excluded to protect the jury from drawing improper inferences. *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) ("All relevant evidence is 'prejudicial' in the sense that it may prejudice the party against whom it is admitted. Rule 403, however, is concerned only with 'unfair' prejudice. That is, the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it.").

Acknowledging that "expert witnesses have the potential to be both powerful and quite misleading," *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, (509 U.S. 579, 589 (1993)) requires courts "to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) citing *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). "A reliable expert opinion must be based on scientific, technical or other specialized knowledge and not on belief or speculation and inferences must be derived using scientific or other valid methods." *Oglesby v. Generaly Motors Corp.*,190 F.3d 244, 250 (4th Cir. 1999) (emphasis added). Reliability "may be indicated by testing, peer review, evaluation of rates of error and general acceptability." *Id*. Furthermore, "given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). A motion in limine is thus appropriately directed to address and deal with the evidentiary concerns of relevancy, reliability and prejudice regarding expert testimony.

## III. ANALYSIS

### A. Reference to Other Lawsuits Involving Defendants

Defendants move to preclude Plaintiffs from referencing other lawsuits involving Defendants, specifically *Haeger v. Goodyear Tire & Rubber Co.*, 906 F. Supp. 2d 938 (D. Ariz. 2012), *rev'd* and *remanded*, 137 S. Ct. 1178 (2017). (ECF No. 103.) Defendants argue that (1) information regarding *Haeger* would constitute inadmissible hearsay (ECF No. 103 at 2-3); (2) the facts of *Haeger* are not probative for any facts at issue in this case, and so they are not relevant under Fed. R. Evid. 401 (ECF No. 131 at 3); and (3) even if the facts of *Haeger* are relevant, their probative value is substantially outweighed by the likelihood of unfair prejudice and are thus inadmissible under Fed. R. Evid. 403 (ECF No. 103 at 3; ECF No. 131 at 3). Plaintiffs assert that information regarding *Haeger* should be admissible as character evidence to prove Defendants' credibility, or lack thereof. (ECF No. 122 at 2-3.)

Reference to other cases, specifically *Haeger*, is inadmissible because it is not relevant to this case and carries a substantial risk of unfair prejudice. Under Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402. Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable." Fed. R. Evid. 401(a). *Haeger* involved a different kind of tire, different counsel, and an entirely different discovery process from this case. In *Haeger*, Defendants and their lawyers were sanctioned for failing to turn over certain information during discovery despite repeated requests from the plaintiff. *Haeger*, 906 F. Supp. at 976. The imposition of sanctions against defendants and their attorneys was affirmed by the Supreme Court; however, the Supreme Court remanded the case for further factual findings regarding the appropriate amount of sanctions. *Haeger*, 135 S. Ct. at 1190. Plaintiffs have not demonstrated that the facts and circumstances of *Haeger*, namely the sanctions against Defendants and their attorneys, make any

material fact in the present case more or less likely. Therefore, the facts and circumstances of *Haeger* are irrelevant and inadmissible.

Additionally, references to *Haeger* cannot be admitted as character evidence. Specific instances of conduct are admissible as character evidence only when "a person's character . . . is an essential element of a charge, claim, or defense," Fed. R. Evid. 405(b), or on cross examination if they are "probative of the character for truthfulness or untruthfulness of: (1) the witness," Fed. R. Evid. 608(b). Defendants' character is not an essential element of any of the claims or defenses in this case. (*See* ECF No. 1; ECF No. 10.) Thus, the evidence is not admissible under Rule 405(b). Further, Plaintiffs have alleged no connection between this case and *Haeger*. (ECF No. 122 at 3.) As a result, the behavior of Defendants in *Haeger* would not be probative of the character for truthfulness of any of the witnesses in this case. Thus, the evidence is not admissible under Rule 608(b).

Lastly, the facts of any other case involving Defendants, are not admissible because the probative value of the information is "substantially outweighed by a danger of . . . unfair prejudice [and] confusing the jury." Fed. R. Evid. 403. "Evidence of other lawsuits . . . is inadmissible under Rule 403. . . . Evidence of other lawsuits is likely to confuse and mislead the jury . . . and it is highly prejudicial" to defendants. *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-MD-02327, 2014 WL 505234, at *6 (S.D.W. Va. Feb. 5, 2014). Therefore, Plaintiffs' inclination to reference other lawsuits is not allowed. Defendants' first Motion in Limine is **GRANTED**.

  B. **Evidence Regarding Defendants' State of Mind or Knowledge**

Defendants attempt to prevent all testimony, including expert testimony, of individuals who have not worked for Defendants. (ECF No. 103 at 3.) Specifically, Defendants aim to exclude

evidence relating to Defendants' state of mind regarding the need for nylon overlays or evidence that comments on or interprets Defendants' documents. (*Id.*) First, Defendants argue that testimony by individuals who were not involved in the creation of the documents lacks a proper foundation as required by Rule 602. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). (ECF No. 103 at 3.) Moreover, Defendants contend that such testimony is inadmissible because it invades on the province of the jury. (*Id.* at 4.) Plaintiffs respond that the Motion is not specific and does not give Plaintiffs adequate opportunity to respond. (ECF No. 122 at 3.)

A motion in limine should be granted only when the evidence is clearly inadmissible on all potential grounds. *E.g.*, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *United States v. Verges*, No. 1:13-cr-222 (JCC) 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014). Defendants' Motion was not sufficiently specific regarding the evidence that should be excluded to allow the court to make a determination on this issue. Upon consideration, the court will not prematurely deprive Plaintiffs of their ability to use the testimony of individuals, even those unaffiliated with Defendants, to establish Defendants' state of mind or knowledge as revealed in certain documents. *Hawthorne Partners v. ATT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("[E]videntiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."). Accordingly, Defendants' second Motion in Limine is **DENIED WITHOUT PREJUDICE**.

### C. Evidence Regarding Defendants' Size, Wealth, or Financial Condition

Defendants seek to exclude any reference, argument, or evidence regarding Defendants' wealth, size, or financial condition. (ECF No. 103 at 5.) Defendants posit that use of evidence regarding their wealth to increase an award of punitive damages is unconstitutional under *State*

*Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW v. Gore*, 517 U.S. 559 (1996). (*Id.* at 6.) Further, Defendants argue evidence of their wealth is irrelevant to the purpose behind punitive damages, namely punishment and deterrence. (*Id.*) Lastly, Defendants maintain that even if evidence of their wealth is admissible, its probative value is substantially outweighed by the danger of unfair prejudice. (*Id.*) Plaintiffs contend that Defendants' financial condition is only relevant to punitive damages. (ECF No. 122 at 3.)

In *State Farm*, the Supreme Court only held that "[t]he wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award." *State Farm*, 538 U.S. at 427. The Supreme Court did not hold that the consideration of wealth was unconstitutional when determining the amount of punitive damages. Further, the South Carolina Supreme Court held in *Branham v. Ford* that "the wealth of a defendant is a relevant factor in assessing punitive damages." *Branham v. Ford Motor Co.*, 390 S.C. 203, 239 (2010) (quoting *Welch v. Epstein*, 342 S.C. 279, 307 (Ct. App. 2000). Therefore, Plaintiffs are allowed to introduce evidence related to Defendants' wealth, size, and financial condition for the purpose of determining punitive damages, if applicable. Defendants third Motion in Limine is **DENIED**.

### D. Reference to Defendants' Anticipated Defenses and Defenses in Other Cases

Defendants move to preclude Plaintiffs from referencing in their opening statements (1) what Plaintiffs anticipate Defendants will state during their opening statements; and (2) Defendants' defenses or statements in other cases, including statements that Defendants' have misled juries in other cases. (ECF No. 103 at 6-7.) In response to the first request, Plaintiffs argue they should be able to address Defendants' anticipated defenses in the case, or, in the alternative,

Defendants should be barred from commenting on Plaintiffs' opening statement during Defendants' opening statements. (ECF No. 122 at 3-4.)

"The opening statement of counsel is ordinarily intended to do no more than to inform the jury in a general way of the nature of the action and defense so that they may better be prepared to understand the evidence." *Best v. District of Columbia*, 291 U.S. 411, 415 (1934). Addressing the evidence that Plaintiffs intend to introduce, whether as a part of their claims or in opposition to a claim of another party, falls within the scope of what is allowable during an opening statement. Therefore, Plaintiffs will not be barred from addressing in their opening the defenses they anticipate Defendants will raise but shall only reference potential defenses in this case. The court has ruled that Plaintiffs shall not reference other similar cases against Defendant. *See* "Section A: Reference to Other Lawsuits Involving Defendants."

In response to the second request, Plaintiffs admit they do not intend to argue that Defendants have misled other juries. (ECF No. 122 at 3.) Regarding the statements of counsel in previous cases, courts have held that "statements by counsel are not evidence." *Heinford v. American Motor Sales Corp*, 471 F. Supp. 328, 337 (D.S.C. 1979). Alleged attempts by Defendants to mislead a jury in another case would not be admissible as evidence in this case. Therefore, Plaintiffs are allowed to comment on the anticipated defenses during their opening statement but are not allowed to comment on any alleged attempts by Defendants to mislead a jury. Therefore, Defendants' fourth Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

E. **Evidence Regarding Testimony by Defendants' Employees in Previous Cases**

Defendants move to exclude the introduction of all evidence or references to the depositions and testimonies of Defendants' representatives in previous litigation, specifically the

depositions of Mr. Thomas Johnson and Mr. Beale A. Robinson, two of Defendants' employees. (ECF No. 103 at 8.) First, Defendants argue evidence regarding the prior testimony is inadmissible as "double hearsay." (*Id*.) Defendants also contend that the testimony of Mr. Johnson and Mr. Robinson did not relate to a substantially similar incident. (*Id*.) Lastly, Defendants posit that the evidence is inadmissible because its probative value is substantially outweighed by the risk of unfair prejudice. (*Id*. at 8-9.)

Plaintiffs oppose the Motion by stating that the testimony is admissible as prior testimony under the unavailable witness exception in Fed. R. Evid. 804(b)(1). (ECF No. 122 at 4.) Plaintiffs assert that the evidence is additionally admissible under Rule 703 because it allows an expert to testify regarding otherwise inadmissible evidence if the evidence forms the basis of one of the witness' opinions. (ECF No. 122 at 4.)

Testimony regarding the statements of Defendants' representatives in previous litigation is admissible. Fed. R. Evid. 804(b)(1). Under Rule 804(b)(1), "[t]estimony that: (a) was given as a witness at a . . . lawful deposition, whether given during the current proceeding or a different one; and (b) is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination" is admissible if the declarant is now unavailable. Fed. R. Evid. 804(b)(1). A declarant is unavailable if the declarant "is absent from the trial . . . and the statement's proponent has not been able, by process or other reasonable means, to procure: (a) the declarant's attendance." Fed. R. Evid. 804(a)(5). The declarants here, Mr. Johnson and Mr. Robinson, are beyond the subpoena power of the court. (*See* ECF No. 122 at 4; Fed. R. Civ. P. 45(c)(1)). Therefore, the testimony is admissible under the former testimony exception in Rule 804(b)(1).

However, Defendants contend that the testimony is nonetheless inadmissible because it refers to a case that is not substantially similar to the case at hand. (ECF No. 103 at 8.) The depositions centered on different tires, but they still focused on the use of nylon cap overlays. (ECF No. 122 at 4.) Because Plaintiffs have not demonstrated that the cases are substantially similar, the testimony is not admissible to prove that the Subject Tire in this case was defective because of the lack of a full nylon cap overlay. However, because the use of nylon overlays is a central issue in this case, the testimony is admissible to prove that Defendants had knowledge of the effect of nylon cap overlays or as part of an argument regarding a feasible alternative design. Therefore, Defendants' fifth Motion in Limine is **DENIED**, taking into account the court's aforementioned limitation on what the testimony aims to prove.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine (ECF No. 103) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 12, 2018
Columbia, South Carolina