IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Devon Davenport, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 1:15-cv-03752-JMC |
| | ) |
| v. | ) |
| | ) |
| Goodyear Dunlop Tires North America, Ltd. | ) |
| and the Goodyear Tire and Rubber Company, | ) |
| | ) **ORDER AND OPINION** |
| Defendants. | ) |
| _____ | ) |

This matter is before the court pursuant to Defendants' Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Company's (collectively "Defendants") Motion in Limine (ECF No. 102). Plaintiffs Maria Davenport, Arnold Davenport, Demorio Davenport, and Devon Davenport (collectively "Plaintiffs") filed a response in opposition to Defendants' Motion (ECF No. 121). For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion in Limine (ECF No. 102).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2015, Plaintiffs Maria Davenport, Arnold Davenport, and Demorio Davenport filed a Complaint against Defendants. (ECF No. 1.) Plaintiff Maria Davenport alleged she suffered injuries while she was driving a 1996 Ford Explorer when the tread on the left rear tire ("Subject Tire") separated from the car, causing it to overturn. (*Id*.) Plaintiff Demorio Davenport was a passenger in the car, and he alleges that he suffered injuries during the incident. (*Id*.) Plaintiffs Maria and Demorio Davenport allege causes of action for negligence, strict liability, and breach of warranty. (*Id.* at 1-4.) Plaintiff Arnold Davenport alleges loss of consortium. (*Id*. at 2.) On August 2, 2016, Defendants filed a Motion to Consolidate both cases. (ECF No. 34.) On

1

October 25, 2016, the court granted Defendants' Motion to Consolidate for all purposes, including trial. (ECF No. 46 at 5.)

In the present Motion, Defendants request that the court prevent Plaintiffs from offering any evidence or argument about or including: (1) post-manufacture design changes, (2) incidents that are not substantially similar, (3) subsequent remedial measures or changes, and (4) Defendants' duty to warn. (ECF No. 102.) Plaintiffs filed a response in opposition to Defendant's Motion (ECF No. 121), and Defendants filed an omnibus reply (ECF No. 133).

## II. LEGAL STANDARD

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Dylann Storm Roof*, No. 2:15-472-RMG, 2016 U.S. Dist. LEXIS 185415, at *2 (D.S.C. Dec. 12, 2016) (internal citations omitted). Pursuant to Federal Rule of Evidence 401, evidence is relevant if it has "any tendency" to make a fact of consequence to the issues in question "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 403 provides that evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time or needless cumulative evidence. Fed. R. Evid. 403. Evidence should be construed in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Salazar*, 338 F. Appx 338, 343-44 (4th Cir. 2009) (citing *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir. 1990)). Prejudicial evidence is excluded to protect the jury from drawing improper inferences. *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) ("All relevant evidence is 'prejudicial' in the sense that it may prejudice the party against whom it is admitted. Rule 403,

however, is concerned only with 'unfair' prejudice. That is, the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it.").

## III. ANALYSIS

### A. Evidence Related to Post Manufacture Changes

Defendants move to prevent the introduction of testimony and evidence relating to design changes occurring after the manufacture of the Subject Tire. (ECF No. 102 at 2-3.) Specifically, Defendants object to the introduction by Plaintiffs' expert witness, Dennis Carlson, of information relating to the warnings in June of 2001, 2005, and 2006. (*Id*. at 3.) Defendants argue that this testimony (1) is prevented by the relevant South Carolina law, as described in *Branham v. Ford Motor Co*., 390 S.C 203 (2010); (2) is not relevant as required by Federal Rule of Evidence 402; and (3) should be excluded because its probative value is substantially outweighed by the risk of unfair prejudice. (*Id*.) Plaintiffs contend that the testimony is admissible under *Branham*, which states that "whether a product is defective must be measured against information known at the time the product was placed in the stream of commerce," and that Defendants' Motion is not sufficiently specific. 390 S.C. at 225; (ECF No. 121 at 2-3.)

The court has already addressed Mr. Carlson's warning opinion and found that he can testify on these matters. (*See* ECF No. 137). However, Mr. Carlson is limited to testifying on what information was known at the time the product was placed in the stream of commerce. Therefore, Defendants' Motion is **DENIED** as moot.

## B. Evidence without Substantial Similarity

Defendants seek to exclude all evidence related to incidents that are not substantially similar to the present case. (ECF No. 102 at 3.) Plaintiffs respond that the Motion is not specific and does not give Plaintiffs adequate opportunity to respond. (ECF No. 121 at 3.)

A motion in limine should be granted only when the evidence is clearly inadmissible on all potential grounds. *E.g.*, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *United States v. Verges*, No. 1:13-cr-222 (JCC) 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014). Defendants' Motion was not sufficiently specific regarding the evidence that should be excluded to allow the court to make a determination on this issue. The court will not prematurely deprive Plaintiffs of their ability to present evidence in this case. *Hawthorne Partners v. ATT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("[E]videntiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."). Accordingly, Defendants' second Motion in Limine is **DENIED**.

## C. Evidence Related to Subsequent Remedial Measures or Changes

Defendants attempt to preclude any evidence or testimony regarding subsequent remedial measures or changes. (ECF No. 102 at 7.) Plaintiffs assert that the Motion is not specific as to the evidence Defendants wish to exclude. (ECF No. 121 at 4.) Additionally, Plaintiffs ask the court to allow evidence of subsequent remedial measures for purposes other than demonstrating a defect in the design of the Subject Tire, as allowed by Fed. R. Evid. 407. (*Id.*)

Evidence of subsequent remedial measures may be admissible at trial. Federal Rule of Evidence 407 states:

> [E]vidence of the subsequent measures is not admissible to prove . . . a defect in a product or its design . . . But the court may admit this evidence for another purpose,

such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407. Therefore, evidence of subsequent remedial measures in this case may be introduced for purposes other than proving a defect in the design of the Subject Tire. Accordingly, the court will not allow in evidence related to subsequent remedial measures unless it meets the exception. Defendants' third Motion in Limine is **GRANTED**.

### D. Evidence Related to Defendants' Post-Sale Duty to Warn

Defendants move to prevent Plaintiffs from addressing any post-sale duty to warn. (ECF No. 102 at 8.) Plaintiffs do not intend to introduce evidence related to post-sale warnings at trial but wish to preserve their opportunity to do so. (ECF No. 121 at 4.)

South Carolina does not recognize a post-sale duty to warn. *See Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 548 (S.C. Ct. App 1995) (The trial court's charge that "[a] manufacturer, ladies and gentlemen, has no duty to notify previous purchasers of its products about later developed safety devices or to retrofit those products if the products were nondefective under standards existing at the time of the manufacture or sale" was "an accurate recitation of law."); *see also Campbell v. Gala Inst., Inc.*, No. 6:04-cv-02036-RBH, 2006 WL 1073796, at *5 (D.S.C. Apr. 20, 2006) (granting manufacturer's motion for summary judgment "on the ground that there is no post-sale duty to retrofit or recommend" under South Carolina law). Because South Carolina does not recognize a duty to warn, any evidence related to a post-sale duty to warn is irrelevant under Federal Rule of Evidence 401. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Under Federal Rule of Evidence 402,

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Therefore, Plaintiffs are instructed to not introduce evidence relating to a post-sale duty to warn. Defendants' Motion is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion in Limine (ECF No. 102).

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

March 6, 2018
Columbia, South Carolina